IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BRIAN DAWSON | § | |
| | § | |
| V. | § | A-19-CA-445-RP |
| | § | |
| SHERIFF THOMAS NORSWORTHY, et al. | § § | |

## ORDER

Before the Court are Plaintiff's complaint and more definite statement. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Burleson County Jail. Plaintiff alleges he was arrested by Caldwell City police officers and held in jail on a faulty arrest warrant. Plaintiff alleges he was arrested on February 22, 2017, for failure to appear in court. Although Plaintiff's complaint is confusing, he appears to allege he should have been arrested for violating a protective order. He claims he had to hire an attorney, who was successful in having Plaintiff released on bail on March 1, 2017. Plaintiff states he was arrested a few days later "the correct way" for violation of the protective order. Plaintiff appears to be alleging he was falsely imprisoned from February 22, 2017 until March 1, 2017. He sues Sheriff Thomas Norsworthy, Caldwell City Police Chief Barnes, Justice of the Peace Towslee and Burleson County Judge Reva C. Towslee. Plaintiff seeks an unspecified amount of monetary damages.

1

After review of Plaintiff's complaint, the Magistrate Judge ordered Plaintiff to file a more definite statement, specifying what each defendant did to violate his constitutional rights. Plaintiff was also asked to explain why he believed the judges were not entitled to judicial immunity.

In his more definite statement Plaintiff alleges he was illegally held in the Burleson County Jail for 21 days as a result of the Sheriff's negligence. With respect to Chief Barnes, Plaintiff initially alleges Chief Barnes negligently executed an invalid warrant of arrest, which was issued by Justice of the Peace Towslee. However, Plaintiff later clarifies it was Chief Barnes' officers who executed the affidavit for the arrest warrant. Plaintiff dismisses Judge Reva C. Towslee as a defendant and concedes Justice of the Peace Towslee is protected by judicial immunity. Finally, Plaintiff specifies he seeks $10,500 in damages.

## DISCUSSION AND ANALYSIS

A.  Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B.      Section 1983

Section 1983 provides a cause of action to individuals whose federal rights have been violated by those acting under color of state law. *Doe v. Dall. Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). Section 1983 is not itself a source of substantive rights; rather, it merely provides a method for vindicating federal rights conferred elsewhere. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994). In order to state a claim under Section 1983, a plaintiff must (1) allege a violation of rights guaranteed by the United States Constitution or federal law, and (2) demonstrate the alleged deprivation was committed by a person acting under color of state law. *Doe*, 153 F.3d at 215.

C.      Personal Involvement

Plaintiff fails to allege any facts showing Sheriff Norsworthy or Chief Barnes did anything to violate his constitutional rights. This failure is fatal to his claims. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (observing "[p]ersonal involvement is an essential element of a civil rights cause of action"). "Supervisory officials are not liable under § 1983 for the actions of subordinates on any theory of vicarious liability"; they must have been "personally involved in the alleged constitutional deprivation or have engaged in wrongful conduct that is causally connected to the constitutional violation." *Turner v. Lt. Driver*, 848 F.3d 678, 695–96 (5th Cir. 2017). Accordingly, Plaintiff's claims against Sheriff Norsworthy and Chief Barnes in their individual capacities are dismissed.

D.      Municipal Liability

To the extent Plaintiff sues Sheriff Norsworthy and Chief Barnes in their official capacities his claims similarly fail. A political subdivision cannot be held responsible for a deprivation of a

constitutional right merely because it employs a tortfeasor; in other words a local government unit cannot be held responsible for civil rights violations under the theory of respondeat superior. *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992). The standard for holding a local government unit responsible under § 1983 requires that there be a custom or policy that caused the plaintiff to be subjected to the deprivation of a constitutional right. *Id*; *Collins v. City of Harker Heights, Tex.*, 916 F.2d 284, 286 (5th Cir. 1990), *aff'd*, 503 U.S. 115 (1992). Thus, Burleson County and the City of Caldwell would violate an individual's rights only through implementation of a formally declared policy, such as direct orders or promulgations or through informal acceptance of a course of action by its employees based upon custom or usage. *Bennett v. City of Slidell*, 728 F.2d 762, 768 (5th Cir. 1984). A single decision made by an authorized governmental decisionmaker to implement a particular course of action represents an act of official government "policy." *Pembaur v. Cincinnati*, 475 U.S. 469, 481 (1986). Plaintiff failed to identify a policy, practice or custom of Burleson County or the City of Caldwell that caused a deprivation of his constitutional rights. Accordingly, Plaintiff's claims against Sheriff Norsworthy and Chief Barnes in their official capacities are dismissed.

    E.    Judicial Immunity

Plaintiff's claims against Justice of the Peace Towslee and Judge Reva C. Towslee are barred by judicial immunity. It is well settled law that a judge enjoys absolute immunity from liability for damages for judicial acts performed within his jurisdiction. *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). In the case at bar, Plaintiff does not complain of any actions taken by Justice of the Peace Towslee or Judge Reva C. Towslee that were nonjudicial in nature nor does he show that they were acting in the clear absence of all jurisdiction.

CONCLUSION

It is therefore **ORDERED** that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

Plaintiff is warned that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

Plaintiff is further warned that if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

**SIGNED** on June 3, 2019.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE